

RECEIVED
IN LAKE CHARLES, LA
JUN 26 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CAPTAIN | : | DOCKET NO. 2:05 CV 0216 |
| VS. | : | JUDGE MINALDI |
| CHUBB INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 6] pursuant to Rule 12(b)(6) filed by the defendant, Federal Insurance Company ("Federal")(erroneously named as Chubb Insurance Company and Chubb Group of Insurance in the complaint). The plaintiff has not filed an opposition.

Rule 12(b)(6)

Federal moves for dismissal pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted. On a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[1] The motion will be denied if the allegations support relief on any possible theory.[2] The court will "bend over backwards to avoid granting a 12(b) motion to dismiss."[3]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim

---

[1] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[2] *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

[3] *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

under Rule 8(a)."[4] All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]

There is no requirement that the plaintiff "set out in detail the facts upon which he bases his claim."[6] General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."[7] However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court.[8]

Facts

In October 2000, the plaintiff, John A. Captain ("Captain"), alleged dental injuries resulting from eating candy manufactured by a company insured by Federal. Captain sought damages for this alleged injury from the insured, who referred the matter to Federal. In the investigation of the claim, Federal received evidence of prior claims made by Captain for dental injuries, which directly contradicted the recorded statement provided by Captain to Federal representatives.

Based upon Captain's evidence of prior injuries which directly contradicted the statements made in his recorded statement, Federal submitted a "Suspected Fraudulent Claim Report" to the

---

[4] Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman,* supra at 1163.

[5] *Leatherman,* supra at 1163 (Quoting <u>Conley v. Gibson</u>, 78 S.Ct. 99, 103 (1957)).

[6] *Leatherman,* supra at 1163.

[7] *National Organization for Women, Inc. v. Scheidler,* 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife,* 112 S.Ct. 2130, 2137 (1992)).

[8] Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

Louisiana Department of Insurance. Thereafter, the Louisiana State Police investigated the claim and Captain was arrested on or about March 7, 2003, based upon an arrest warrant issued by the 31st Judicial District Court. Captain has instituted the present suit alleging damages for the purported wrongful arrest.

## Law and Analysis

The plaintiff asserts claims against Federal for reporting an insurance fraud claim to the Louisiana State Police. Federal asserts that it is required to report all insurance claims that are believed to be fraudulent and this reporting requirement is mandatory. La. R.S. 22:1245. Federal also asserts that it is entitled to civil immunity, therefore the plaintiff is barred from bringing suit for any alleged damages resulting from the submission of the fraud report.

La.R.S. 22:1245 states in pertinent part:

> A. Any person, company, or other legal entity including but not limited to those engaged in the business of insurance, including agents, brokers, and adjusters, which believes that fraudulent claim is being made, *shall* within sixty days of the receipt of such notice, send to the section of insurance fraud, on a form prescribed by that section, the information requested and such additional information relative to the claim and the parties claiming loss or damages because of an occurrence or accident as the section may require...(emphasis added).

La.R.S. 22:1247 states in pertinent part:

> A. No insurer, employees, or agents of any insurer, or any other person acting without malice, fraudulent intent, or bad faith, shall be subject to civil liability for libel, slander, or any other relevant tort, and no civil cause of action of any nature shall exist against such person or entity by virtue of filing of reports or furnishing other information, either orally or in writing, concerning suspected, anticipated, or completed fraudulent insurance acts when such information or reports are required by this Part...

The complaint alleges that federal "filed a complaint with Louisiana State Trooper, Kevin Riggs." ¶4. Trooper Riggs thereafter "procured an Arrest Warrant from the 31st Judicial District

Court which resulted in the arrest of your petitioner on the charge of Insurance Fraud." ¶4. Captain alleges that he suffered damages resulting from his arrest due to "defendant's negligence" in filing this report.¶9. Captain further alleges that he is "entitled to recover from the defendant" for the damages allegedly sustained from his wrongful arrest and imprisonment.¶9.

La. R.S. 22:1245 and 1247 expressly state that there is no cause of action against an insurer for filing a report required under that section. The allegations in the complaint do not support relief on any possible theory[9]. Accordingly, the motion to dismiss will be granted.

Lake Charles, Louisiana, this 18 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[9] The plaintiff filed a Supplemental and Amending Petition for Damages on June 3, 2005. This petition attempts to amend ¶4 to state that "Federal Insurance Company, acted in bad faith when it instituted criminal proceedings against the plaintiff, John Anthony Captain." This petition was returned to the attorney for the plaintiff as a deficient document because it did not state whether the opposing counsel opposed this amendment. Counsel was given ten days to correct this deficiency. The docket sheet does not indicate that this has been done, therefore the court cannot consider the allegations contained in that proposed Supplemental and Amending Petition for Damages when considering this motion.